IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC J. YOUNG,

    Plaintiff,

v.                                                      Civil No. 5:13-cv-89

JODI L. BLATT, KYLIE M. LONG,
CHELSEA L. LONG, and STEPHEN
TAYLOR,

    Defendants.

## REPORT & RECOMMENDATION

### *I. INTRODUCTION*

On July 12, 2013, Plaintiff filed a Complaint against the above named Defendants, and an application to proceed *in forma pauperis*. The Complaint purports to invoke this Court's jurisdiction because Plaintiff claims that his, and his children's, civil rights have been violated. Although somewhat incoherent, the Complaint alleges that Defendant Blatt and Kylie Long conspired to commit drug offenses in front of Plaintiff and Blatt's two minor children—it appears from the Complaint that Plaintiff and Blatt were romantically involved, and perhaps previously married. Plaintiff alleges that he first learned of this drug activity when his son stepped on a needle in the basement of their home where Blatt's daughters, the Long Defendants, lived. Plaintiff also alleges that Blatt let her two daughters babysit the two children born of their relationship, and that the two daughters kidnaped the children when they picked the children up from school without permission. The bulk of the complaint is aimed at Defendant Blatt, and appears primarily to be grievances Plaintiff has as to her conduct during the time they were involved together, including drug and alcohol abuse and alleged episodes of domestic violence.

1

The complaint as it relates to Defendant Taylor, who Plaintiff is suing in his official capacity as prosecutor, alleges that he, as prosecutor, should not have prosecuted a domestic violence case against Plaintiff because Taylor previously worked at a firm where Plaintiff was a client; Taylor was not Plaintiff's attorney in this previous relationship. Plaintiff contends that because of this former relationship with Taylor's private practice firm, the domestic violence plea and conviction should be set aside. In total, the relief sought by Plaintiff is punitive and compensatory damages, declaratory relief, and injunctive relief, including, among others, overturning his conviction for domestic violence, recommending prosecution of the Long Defendants for kidnaping, and stopping all state domestic violence funds received by Marshall County. It is Plaintiff's application to proceed as a pauper which the Court now reviews.

## II. DISCUSSION

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss, at any time, any action proceeding *in forma pauperis* if it determines that the action fails to state a claim on which relief may be granted, or if the action seeks recovery from an individual that is immune. After preliminary review of Plaintiff's Complaint, the Court finds that it must be dismissed under § 1915(e)(2). Although the Complaint is not exactly clear as to the causes of action,[1] it appears that the only basis for invoking this Court's jurisdiction is Plaintiff's claims that his civil rights have been violated. Accordingly, the Court will construe the Complaint as arising under 42 U.S.C. § 1983. And, because any claim under § 1983 must fail, the Court need not address any state law claims that might be hatched from the Complaint.

### *A. Defendants Blatt, Chelsea Long, and Kylie Long*

---

[1] For instance, buried in the Complaint is an allegation that Defendant Blatt intentionally inflicted emotional distress. There are several other allegations such as this that might give rise to a state law cause of action.

To state a cause of action under § 1983, Plaintiff would have to show (1) that he has been deprived of a right guaranteed by the Constitution or laws of the United States, and (2) that this violation of his rights was committed by a person acting under color of state law. *See e.g. West v. Atkins*, 487 U.S. 42 (1988). Although it is highly questionable whether Plaintiff has even asserted a viable constitutional violation against these Defendants, the Court need not reach that issue because these Defendants are clearly not state actors. Nor could any of the actions contained in the Complaint come close to being attributed to the state to turn the private action into that of the state. *See e.g. See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442 (10th Cir. 1995) (explaining the instances where private action can be attributed to the state). Accordingly, an action against these Defendants under § 1983 could not proceed.

## *B. Defendant Taylor*

All of the allegations against Defendant Taylor arise from his prosecution of Plaintiff for domestic violence. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court of the United States held that, "in initiating a prosecution and in presenting the State's case, [a] prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431. The Court made clear that this immunity is absolute because "qualifying a prosecutor's immunity would disserve the broader public interest [by] prevent[ing] the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Id.* at 427–28. Finally, in "delineat[ing] the boundaries of [its] holding," the Court explained that this absolute immunity protects a prosecutor's activities that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. This immunity extends into discretionary decisions of whether and when to prosecute. *See Lyles v. Sparks*, 79 F.3d 372 (4th Cir. 1996); *Ehrlich v. Giuliani*, 910 F.2d

3

1220 (4th Cir. 1990). Because all of the allegations against Taylor are based upon his actions as prosecutor, and because prosecutors are absolutely immune from civil suit for claims relating to their duties, an action under § 1983 could not proceed.

## C. Injunctive Relief

As part of the relief sought by Plaintiff, he seeks to stop all federal funding to Marshall County, West Virginia. The Court construes this as seeking injunctive relief. The standard for granting injunctive relief in this circuit is set forth in *Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342 (4th Cir. 2009). As articulated in *Real Truth*, before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Id.* at 346 (citations omitted). Without discussing the likelihood of success, it is clear that injunctive relief should not be granted. There is nothing to suggest that Plaintiff will suffer irreparable harm with continued domestic violence funding, the balance of equities does not tip in his favor, and stopping funding for domestic violence is clearly not in the public interest. Accordingly, any injunctive relief sought must be **DENIED**.

## D. Declaratory Relief

Plaintiff has demanded various relief, which liberally construed can be seen as brought for declaratory judgment. 28 U.S.C. § 2201. Many of the claims relate to Plaintiff's domestic violence conviction, and seeks to have the conviction overturned, reinstate all of his civil liberties, and have the records of the conviction destroyed. These claims must obviously fail because the Declaratory Judgment Act is not a substitute for appeal or post conviction relief. *See Tuckson v. Clemmer*, 231

F.2d 658 (4th Cir. 1956). Further, relief by way of declaratory judgment should only be rendered "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations at issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding. *Panama Processes S.A. v. Cities Svc. Co.*, 362 F. Supp. 735, 738 (S.D.N.Y. 1973) (quoting Borchard, Declaratory Judgments, 29 (2d ed. 1941)). If these goals will not be reached, then the Court should decline to exercise jurisdiction of the claims. *Id.* Of the remaining demands for declaratory judgment, Plaintiff seeks judgment stating that a person may not be prosecuted by someone from the same firm he is a client of, an order that an investigation be undertaken into the Marshall County Sheriff's Office, an order that Defendant Blatt undergo a mental evaluation, and an order that Defendant Chelsea Long be referred to prosecutors for the kidnaping claim. In short, the relief sought would not foster the goals intended by the Declaratory Judgment Act—to establish legal rights without a lawsuit—and this Court should decline to exercise jurisdiction to consider the remedy.

### III. CONCLUSION & RECOMMENDATION

The Court has liberally construed Plaintiff's *pro se* complaint, as it is required to do. *See Haines v. Kerner*, 404 U.S. 519 (1972). Because Defendants Blatt, Kylie Young, and Chelsea Young are private individuals not subject to § 1983 liability, because Defendant Taylor is absolutely immune for his actions as a prosecutor, and because Plaintiff is not entitled to injunctive or declaratory relief, the undersigned **RECOMMENDS** that Plaintiff's application to proceed as a pauper be **DENIED** and that the Complaint be **DISMISSED** in its entirety.

Any party may, within fourteen (14) days of receipt of this recommendation, file with the Clerk of the Court written objections identifying the portions of the recommendation objected to,

and the basis for those objections. A copy of the objections should also be submitted to the District Judge of record. Failure to timely object to the recommendation will result in a waiver of the right to appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

The Clerk is directed to mail a copy of this Order to Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: July 24, 2013 /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE