IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC J. YOUNG,

    Plaintiff,

v.                                    Civil Action No. 5:13CV89
                                                 (STAMP)
JODI L. BLATT,
KYLIE M. LONG,
CHELSEA L. LONG
and STEVEN TAYLOR,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

On July 12, 2013, the pro se[1] plaintiff, Eric J. Young, initiated this action in this Court by filing a civil rights complaint which alleges that his and his children's civil rights have been violated. Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court then referred the plaintiff's complaint to the Honorable James E. Seibert, United States Magistrate Judge, for report and recommendation.

The complaint alleges that defendants, Jodi L. Blatt ("Blatt") and Kylie M. Long ("Kylie"), conspired to commit drug offenses in front of plaintiff and Blatt's two minor children. The plaintiff further contends that Blatt let her two daughters, Kylie and

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

defendant Chelsea L. Long ("Chelsea"), babysit the two children and that the two kidnapped the children by picking them up from school without permission. Additionally, the plaintiff contends that Blatt committed acts of domestic violence against him and that several actions should be taken by this Court in order to remedy her criminal actions. The plaintiff reasserts these allegations in his objections.

As to defendant Steven Taylor, who the plaintiff is suing in his official capacity as an assistant prosecutor for Marshall County, West Virginia, the plaintiff asserts in his complaint and objections that Taylor should not have prosecuted a domestic violence action against the plaintiff because of Taylor's former employment with a private practice law firm. The plaintiff contends that he was a former client of the law firm and thus, Taylor had a conflict of interest when he prosecuted the case against the plaintiff. Further, in his objections, the plaintiff asserts that this conflict of interest overcomes the absolute immunity that usually protects a prosecutor from being sued in his official capacity.

The plaintiff seeks relief in the form of punitive and compensatory damages, declaratory relief, and injunctive relief. The plaintiff seeks punitive and compensatory damages from all defendants. As for the claim for declaratory relief, the plaintiff asks that this Court overturn his domestic violence conviction,

reinstate his civil liberties, have the records of his conviction destroyed, order all Marshall County law firms to inform this Court of any tainted cases, declare that a person may not be prosecuted by someone from the same firm of which he was a former client, declare that an investigation be undertaken in the Marshall County Sheriff's Office, order that Blatt undergo a mental evaluation, and order that Chelsea be referred to prosecutors for the kidnapping claim. In seeking injunctive relief, the petitioner asks that this Court suspend any and all federal funding to Marshall County for domestic violence.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, all of the magistrate judge's recommendations to which the plaintiff objected will be reviewed <u>de novo</u>. All findings and recommendations to which objections were not raised will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Pursuant to 28 U.S.C. § 1915(e), this Court is required to dismiss all civil actions filed without prepayment of a filing fee, if at any time it is determined that the plaintiff proceeding

3

without prepayment "fails to state a claim on which relief may be granted" or if the action seeks recovery from an individual that is immune. 28 U.S.C. § 1915(e)(2). In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

A.  Defendants Who Are Non-State Actors

The plaintiff asserts claims against three defendants who were not acting within any official capacity: Blatt, Kylie, and Chelsea. The magistrate judge found that the plaintiff's allegations only encompass private actions that these defendants have allegedly committed. The petitioner's objections do not attempt to remedy this finding by the magistrate judge but only reiterate his initial contentions against those defendants.

As the magistrate judge noted, to state a cause of action under § 1983, the plaintiff must show (1) that he has been deprived of a right guaranteed by the Constitution or laws of the United States, and (2) that this violation was committed y a person acting

4

under color of state law.  West v. Atkins, 487 U.S. 42 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49.

This Court agrees with the magistrate judge that these three defendants were acting in a private capacity and were not "clothed with the authority of state law" when they committed the alleged acts complained of by the plaintiff.  The plaintiff makes no allegations that any of the three are state actors or that they were acting for a state actor when they committed the alleged wrongs against the plaintiff.  Further, there is no inclination from the plaintiff's complaint that the three defendants acted in any capacity other than a private capacity.  Consequently, an action against these defendants must be dismissed.

B.  Prosecutorial Immunity

The plaintiff's complaint must also be dismissed against Taylor under 28 U.S.C. § 1915(e) because Taylor is immune from this suit.  The plaintiff argues that Taylor should not have prosecuted him for domestic violence because Taylor had previously worked at a private law firm of which the plaintiff was a client.  In his objections, the plaintiff asserts that because there was a conflict of interest, the magistrate judge was incorrect in finding that Taylor had absolute immunity.

"In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). This is so because the prosecutor needs to be able to focus his energy on enforcing the law and thus, he cannot be sued even for improper or malicious actions. Id. at 424. Further, "[i]nasmuch as the purposes of extending absolute immunity to prosecutors are to avoid deflecting the prosecutor's energies from his public duties and to encourage the independent exercise of judgment required by his office, Imbler, 424 U.S. at 425, 96 S.Ct. at 992, foreclosing that immunity upon allegations of a conflict of interest would seriously undermine such policies." Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991).

As the magistrate judge noted, the plaintiff's allegations are based on Taylor's actions as a prosecutor and thus, he would be absolutely immune from this civil action even if he acted maliciously or improper in prosecuting the plaintiff for domestic violence. Further, despite the alleged conflict of interest, absolute immunity is not foreclosed. As stated above, disallowing immunity for a conflict of interest would not serve the underlying purposes of protecting prosecutors from such suits. Accordingly, this Court finds that the plaintiff's claim against Taylor cannot proceed.

C.  Injunctive Relief

The plaintiff asks that this Court suspend any and all federal funding to Marshall County for domestic violence. This Court agrees with the magistrate judge that this claim for relief should be construed as a claim for injunctive relief.

In The Real Truth About Obama, Inc., the United States Court of Appeals for the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether an injunction should issue. 575 F.3d 342 (4th Cir. 2009). The four factors that the plaintiff must establish to obtain a preliminary injunction under this test are:

> (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.

Id. at 346 (citing Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008)).

The petitioner cannot establish the factors set forth in the Real Truth test. First, it is unlikely that the petitioner would succeed on the merits. Even if the prosecution of the plaintiff for domestic violence was wrongful, suspending federal funding for domestic violence in Marshall County would likely not be a carefully tailored remedy for that issue. Second, because the plaintiff has already been prosecuted for domestic violence, it is unclear whether he would suffer any irreparable harm if funding was

not curtailed. Third, the balance of equities does not tip in his favor. Finally, stopping funding for domestic violence in Marshall County would not be in the public interest. Although the plaintiff was allegedly wrongfully prosecuted, he does not allege that such wrongful prosecutions are rampant or that the public good is not enhanced by protecting victims of domestic violence. Thus, this Court agrees with the magistrate judge that the petitioner has not asserted a claim for injunctive relief that can be upheld.

D. Declaratory Relief

As stated previously, the plaintiff has asked for various forms of relief that can loosely be construed as asking for declaratory relief. Several claims relate to the overturning of the plaintiff's domestic violence conviction. The other claims ask that this Court: require all Marshall County law firms to overturn any tainted cases, declare that a person may not be prosecuted by someone from the same firm of which he was a former client, declare that an investigation be undertaken in the Marshall County Sheriff's Office, order that Blatt undergo a mental evaluation, and order that Chelsea be referred to prosecutors for the kidnapping claim.

This Court agrees with the magistrate judge that as to the plaintiff's claims relating to his domestic violence conviction, they are improperly pleaded as a declaratory judgment action. The Declaratory Judgment Act cannot be used as a substitute for direct

8

appeal or for post conviction relief. See Tuckson v. Clemmer, 231 F.2d 658, 659 (4th Cir. 1956) (Declaratory Judgment Act should not be used to determine whether the underlying conviction was properly adjudicated); 28 U.S.C. § 2201. Therefore, as to those claims, the petitioner does not have a vehicle for relief through declaratory judgment.

As to the petitioner's final prayers for relief, they too fail for not falling within the purposes of a declaratory judgment. To obtain declaratory relief:

> [t]he controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. The relief is available only for a concrete case admitting of an immediate and definite determination of the legal rights of the parties.

Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc., 344 U.S. 237, 242-43 (1952). This Court must decline to exercise its discretionary power if the controversy does not have those characteristics. Id.

If this Court were to grant the relief sought by the petitioner, it would not be determining the legal rights of the parties. First, neither a Marshall County private law firm nor the Marshall County Sheriff's Offices is a party in this action. Second, ordering that Blatt undergo a mental evaluation or that Chelsea be referred for the kidnapping charge would not determine the legal rights of the parties. As the magistrate noted, the goal

9

of the Declaratory Judgment Act was to establish legal rights without a lawsuit. See Panama Processes S.A. v. Cities Svc. Co., 362 F. Supp 735, 738 (S.D.N.Y. 1973). That goal would not be met by ordering the relief that the petitioner seeks, thus, his claims for declaratory relief are also denied.

IV. Conclusion

For the reasons described above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's motion to proceed in forma pauperis is DENIED. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      November 6, 2013

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE